Sammie L. REED, Jr., and Danna
L. Reed, Plaintiffs,

v.

Dr. Thomas FETHERSTON, Dr. Michael
Fetherston, St. Michael's Hospital,
Glendale Clinic, S.C., Primecare Health
Plan of Wisconsin, and Wisconsin Pa-
tients' Compensation Fund, Defen-
dants.

Civ. A. No. 91–C–822.

United States District Court,
E.D. Wisconsin.

March 13, 1992.

Herbert L. Usow, Milwaukee, Wis., for
plaintiff.

Michael P. Malone, Hinshaw & Culbert-
son, Milwaukee, Wis., for Michael Fether-
ston.

Todd M. Weir, Otjen Van Ert, Stangle,
Lieb & Weir, Milwaukee, Wis., for Thomas
Fetherston and Glendale Clinic.

Mary K. Wolverton, Peterson, Johnson &
Murray, Milwaukee, Wis., for St. Michael's
Hosp.

James R. Gutglass, Gutglass, Erickson &
Bonville, Milwaukee, Wis., for Wisconsin
Patients' Compensation Fund.

Bruce G. Arnold, Barbara J. Janaszek,
Whyte & Hirschboeck, Milwaukee, Wis.,
for Primecare.

ORDER

REYNOLDS, Senior District Judge.

Presently before this court is plaintiffs'
March 7, 1992 motion, filed pursuant to
Fed.R.Civ.P. 37(a), to compel nonparty de-
ponent Dr. Robert J. Beaumont ("Dr. Beau-
mont") to answer certain questions which
plaintiffs propounded to Dr. Beaumont dur-
ing a January 17, 1992 deposition. For the
reasons below, this court denies plaintiffs'
motion.

*Background*

On July 5, 1991, plaintiffs commenced
this medical malpractice action against the
above defendants as Case No. 91–CV–9266
in Circuit Court for the County of Milwau-
kee. On July 30, 1991, defendant Prime-
care Health Plan of Wisconsin removed the
action to this court pursuant to Title 28
United States Code § 1441 on the ground
that this action arises under the laws of the
United States as provided in 28 U.S.C.
§ 1331, and specifically under the Employ-
ee Retirement Income Security Act
("ERISA"), 29 U.S.C. §§ 1001 et seq.

On February 5, 1992, plaintiffs filed their
first motion to compel Dr. Beaumont to
answer questions pertaining to defendants'
alleged malpractice. On February 19,
1992, this court denied that motion without
prejudice because plaintiffs had failed to
certify that counsel had attempted to re-
solve this discovery dispute informally, as
required by Local Rule 6.02 (E.D.Wis.).

On March 7, 1992, plaintiffs filed a re-
newed motion to compel Dr. Beaumont to
answer certain questions pursuant to Fed.

R.Civ.P. 37(a), and properly attached a Local Rule 6.02 certificate.[1] Dr. Beaumont has filed a brief in opposition to the motion.

## Analysis

Plaintiffs' moving papers do not indicate what questions they seek to have Dr. Beaumont answer, a defect which ordinarily would make ruling on their motion virtually impossible. Dr. Beaumont sheds light on the issue in his brief in opposition, however, asserting that the disputed questions seek to elicit expert testimony from him regarding the quality of care and treatment that defendants rendered to plaintiff Sammie Reed, Jr. ("Reed") following an automobile accident. Dr. Beaumont's assertion is consistent with plaintiffs' January 30, 1992 designation of expert witnesses, in which plaintiffs indicate their intention to call Dr. Beaumont adversely as an expert witness with regard to the issue of whether defendants committed malpractice.

Dr. Beaumont rendered medical care to Reed for various conditions, including the injuries that Reed suffered in the automobile accident underlying this action. Dr. Beaumont states that he attempted at his January 17, 1992 deposition to answer all questions concerning the treatment and care that he rendered to Reed. He declined to answer any questions regarding the quality of care rendered by defendants, however, because in his view such questions would require expert testimony based upon study of Reeds' entire case history as well as other similar cases, which study Dr. Beaumont has not performed and does not have the time to perform.

This court declines to compel Dr. Beaumont to answer questions relating to defendants' alleged malpractice. At this point in the litigation, Dr. Beaumont is only a "transaction witness," that is, someone who was involved in the treatment of the injuries that underlie this lawsuit. The questions that Dr. Beaumont declined to answer were properly the subject of expert testimony, because they required (1) greater knowledge of Reeds' particular case than Dr. Beaumont would have obtained during his treatment of Reed, as well as (2) knowledge of the type of care that should have been provided under the circumstances. See Fed.R.Evid. 702 (testimony by experts). The mere fact that Dr. Beaumont is a physician does not qualify him to render expert testimony on the malpractice issue without further study. Plaintiffs have also cited no authority under which they could compel Dr. Beaumont to perform the study necessary to answer these disputed questions at a future deposition. Dr. Beaumont therefore acted properly in declining to answer these questions during his January 17th deposition.

IT IS THEREFORE ORDERED that plaintiffs' March 2, 1992 motion to compel non-party deponent Dr. Robert J. Beaumont to answer questions propounded to him during his January 17, 1992 deposition, and for costs incurred in bringing the motion, is DENIED.

---

1. Fed.R.Civ.P. 37(a) provides in part:

    A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

    . . . .

    If a deponent fails to answer a question propounded or submitted under Rules 30 or 31 . . . the discovering party may move for an order compelling an answer.