IN RE the IMPOSITION OF SANCTIONS IN Dawn ALT et al v. Richard S. CLINE et al:

George BURNETT, Appellant,†

v.

Dawn ALT, Mark Alt and Cody Alt, Respondents.
[Case No. 96–3356]

Dawn ALT, Mark Alt and Cody Alt, a minor, by his guardian ad litem, James A. Johnson, Plaintiffs-Respondents,

Dr. Ernesto L. ACOSTA, Appellant,†

v.

Richard S. CLINE, M.D., Charles J. Green, M.D., Women's Health Specialists, S.C., Appleton Medical Center, Physicians Insurance Company of Wisconsin, Sentry Insurance Company, Outagamie County Department of Human Services, State of Wisconsin Department of Health and Social Services, and Wisconsin Patients Compensation Fund, Defendants.
[Case No. 96–3588]

Court of Appeals

*Nos. 96–3356, 96–3588. Submitted on briefs September 10, 1997.—Decided November 25, 1997.*

(Also reported in 572 N.W.2d 895.)

†Petition to review granted.

On behalf of the appellants, Dr. Ernesto L. Acosta and George Burnett, the cause was submitted on the briefs of *George Burnett* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

On behalf of the plaintiffs-respondents, Dawn Alt, Mark Alt and Cody Alt, the cause was submitted on the brief of *George H. Senteney,* of *Guelzow & Senteney, Ltd.* of Eau Claire.

On behalf of the Wisconsin Academy of Trial Law-yers, an amicus curiae brief was filed by *Mark L. Thomsen* of *Cannon & Dunphy, S.C.* of Brookfield.

Before Cane, P.J., Hoover and Wedemeyer, JJ.

CANE, P.J. Ernesto L. Acosta, M.D., and his attorney, George Burnett, each appeal orders entered following plaintiffs' motion to compel discovery and impose sanctions.[1] Acosta seeks reversal or, alterna-tively, clarification of the trial court's order requiring him to answer questions at deposition as a nonparty expert witness. Burnett contends the trial court erro-neously ordered sanctions against him under § 804.12(1) and (2), STATS. We affirm both orders.

## BACKGROUND

This appeal stems from Acosta's July 23, 1996, deposition. The deposition was plaintiffs' second attempt to depose him. Prior to Acosta's deposition, Burnett wrote at least three letters to plaintiffs' coun-sel attempting to reach an agreement on the type of questions Acosta would answer in his capacity as a nonparty, unretained expert witness. Plaintiffs main-tained they were entitled to broad discovery under § 804.01(2)(a), STATS. No agreement was reached, and Burnett did not seek a protective order.

Acosta's deposition proceeded for approximately one hour with little incident. Burnett did object to three questions posed; he instructed Acosta not to answer two of those questions on the grounds the questions called for expert testimony to which plaintiffs were not entitled because they had not retained Acosta as an

---

[1] Appeals were consolidated by order dated February 21, 1997.

expert. Attorney James A. Johnson, guardian ad litem for Cody Alt, and Burnett discussed the situation on the record and agreed to adjourn the deposition in light of Burnett's stated position to instruct Acosta not to answer questions requiring, in Burnett's opinion, expert testimony.

Thereafter, on August 6, plaintiffs filed a motion to compel Acosta's testimony, seeking the following:

1. For an Order compelling discovery pursuant to sec. 804.12(1) and 804.12(2), Stats., and accordingly, for an Order permitting plaintiffs to continue the deposition of Dr. Ernesto Acosta and permitting plaintiffs to inquire into Dr. Acosta's opinions insofar as they relate to the issues of this case, without further impediment or interference.

2. For an Order that pursuant to sec. 805.03 and sec. 804.12(2), Stats., the Court find the witness, Dr. Ernesto Acosta, and the defendants . . . failed to comply with Wisconsin Statutes governing civil procedure, including sec. 804.05(4), Stats., and have failed to comply with prior orders of this court. Accordingly, in view of this conduct and the prior conduct previously presented to the Court, that the Court impose upon said defendants, the sanctions of sec. 804.12(2)(a), Stats., including the striking of [defendants'] defenses herein.

The motion hearing was held on August 28. The trial court made an oral decision regarding discovery at that time and granted the request for sanctions, instructing plaintiffs' counsel to submit their costs and fees for a determination of the amount of sanctions. Acosta's third deposition was scheduled for November 7, 1996. The trial court issued its written discovery order on November 5 and its order for sanctions on November 7.

The court's November 5 discovery order consists of the following:

> THIS MATTER having come on the Motion of the plaintiffs . . . and all parties and Dr. Ernesto L. Acosta, appearing by counsel as noted in Page 2 of the attached transcript, and the Court having heard oral argument on August 28, 1996, the Court makes the Findings and Order consistent with those in the transcript of the Decision hearing of August 28, 1996, which is attached hereto and incorporated in total to this Order.

The fourteen-page transcript of the August 28 hearing is attached to the November 5 order, which incorporates the court's verbal order that Acosta's third deposition be taken and that Burnett's law firm pay the costs of the July 23 deposition, as well as the costs associated with bringing the motion seeking relief. The court also commented that the following question was the type that should have been answered by the doctor: "Q. No matter what the cause, a patient with a history of a term pregnancy and a gush of blood that's abnormal?"

The November 7 order directed Burnett to pay "total costs and expenses imposed as sanctions" in the amount of $897.55 to plaintiffs' attorneys, Guelzow and Senteney, Ltd. Regarding attorney fees, the court also ordered Burnett to pay $1,000 for both the deposition and the motion hearing. The sum of $7,503.55 had been requested. In addition, $438 was imposed as a sanction against Burnett payable to Attorney Johnson. The total sanction imposed against Burnett was $2,335.55.

We view this case as presenting two issues: first, whether the trial court reasonably exercised its discretion when imposing sanctions against Burnett for

instructing the witness, Acosta, not to answer specific questions at the deposition; and second, whether the trial court's discovery order for the next deposition was a reasonable exercise of discretion.

## SANCTIONS

Burnett contends the trial court erroneously exercised its discretion by ordering monetary sanctions against him, arguing that his decision to instruct Acosta not to answer certain questions was substantially justified and was the only effective method of protecting privileged, non-discoverable information. We are not persuaded.

The trial court has both statutory and inherent authority to impose sanctions for failure to follow procedural statutes or obey discovery orders. *See Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273–74, 470 N.W.2d 859, 863–64 (1991). Whether sanctions are warranted and, if so, the particular sanction imposed are matters within the trial court's discretion. *Johnson v. Allis-Chalmers Corp.*, 155 Wis. 2d 344, 350, 455 N.W.2d 657, 659 (Ct. App. 1990), *aff'd,* 162 Wis. 2d 261, 470 N.W.2d 859 (1991). A discretionary decision will be upheld if the record reveals the trial court has considered the relevant facts, applied correct standards of law and, using a demonstrated rational process, reached a conclusion a reasonable judge could reach. *Paytes v. Kost*, 167 Wis. 2d 387, 393, 482 N.W.2d 130, 132 (Ct. App. 1992).

Plaintiffs' motion to compel discovery asks for an order under § 804.12(1) and (2), STATS. The November 7 discovery order does not specify under which section the sanctions were ordered. Based on our review, how-

ever, we conclude ordering Burnett to pay expenses is a proper exercise of discretion under either section.

When a deponent refuses to answer a question, § 804.12(1)(a), STATS., allows the discovering party to seek an order compelling an answer. Section 804.12(1)(c), STATS., addresses the award of expenses if the motion is granted. It provides in part:

> 1. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or *attorney advising such conduct* or both of them *to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.* (Emphasis added.)

Additionally, if a party fails to obey a discovery order, § 804.12(2)(a), STATS., allows the court to make "such orders in regard to the failure as are just," including striking defenses. Section 804.12(2)(b), STATS., provides:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order *or the attorney advising the party* or both to pay the reasonable expenses, including attorney fees, caused by the failure, *unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.* (Emphasis added.)

The motion to compel was filed because on two separate occasions Burnett instructed Acosta not to

answer specific questions at the July 23 deposition. The questions were:

> Q. We know that she was admitted to the hospital at approximately 7:50 p.m. And if you were the OB that was treating this woman at that time knowing that there had been an ultrasound done and wanting to see that report, what would you have done?
>
> . . . .
>
> Q. No matter what the cause, a patient with a history of a term pregnancy and a gush of blood that's abnormal?

In addition, the 1994 order for discovery was in effect and was not complied with at the July 23 deposition. Prior to terminating the deposition, Johnson read the following excerpt from the 1994 discovery order:

> Therefore this is an entirely appropriate area of inquiry. Dr. Acosta's deposition shows that Attorney Grimstad effectively precluded Plaintiffs' counsel from exploring the basis of the doctor's opinion relating to a material issue in this action. Evidence objected to at a deposition shall be taken subject to objections. . . . The opinion of Dawn Alt's primary treating physician during her pregnancy and during her hospitalization following Cody's birth, which is contained in the discharge summary, is highly relevant.

Unless the court finds that Burnett's action was substantially justified or that other circumstances make an award of expenses unjust, both § 804.12(1)(c) and (2)(b), STATS., allow the court to order Burnett to pay the reasonable expenses incurred in obtaining the order to compel Acosta to answer the questions or caused by failure to obey the 1994 order.

Burnett first argues that he was substantially justified in instructing Acosta not to answer certain questions at the deposition because the questions called for Acosta's expert opinions. He points to his correspondence with George Senteney, attorney for plaintiffs, in which the disagreement on the scope of questioning at deposition is apparent, and where he states his position on Acosta's answering certain types of questions. He reasons that since he made numerous efforts to resolve the issue prior to deposition, and his position could therefore be anticipated by opposing counsel, he should not be subject to sanctions.

Also, he asserts that the circumstances make an award of sanctions unjust. He argues that if he allowed Acosta to answer the questions, the practical effect would be to provide uncompensated expert testimony to plaintiffs, and he was duty-bound to protect his client, the witness, from that result. He cites *Reed v. Fetherston*, 785 F. Supp. 1352 (E.D. Wis. 1992), for support of his position that Acosta is a transaction witness and these questions are impermissible in that they inquire into his opinion as an expert.

We recognize Burnett's dilemma at deposition, and appreciate his arguments in support of his position. However, without deciding the merits of whether the rationale of *Reed* applies to these questions asked of Acosta, we determine that Burnett's failure to follow established Wisconsin discovery procedure was without justification.

Two methods are available to an attorney in Burnett's position. The first method is set forth in § 804.01(3), STATS., which provides:

PROTECTIVE ORDERS. (a) Upon motion by a party or by the person from whom discovery is sought, and for

213

good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including but not limited to one or more of the following:

. . . .

4. That certain matters not be inquired into, or that the scope of the discovery be limited to certain matters . . . .

Burnett did not move for a protective order pursuant to § 804.01(3). That being the case, Burnett still had another statutory procedural method available to deal with questions he considered objectionable at the deposition. Section 804.05(4)(b), Stats., states: "Upon request of any party, where the witness has refused to answer, and with the consent of the court, the court may rule by telephone on any objection." The July 23 deposition transcript reveals neither discussion of said procedure nor any attempt by counsel to procure the trial court's intervention in the matter.

In the absence of either a protective order or a telephonic ruling by the court, Burnett was required by statute to follow the procedure set forth in § 804.05(4)(b), Stats., which provides: "In the absence of a ruling by the court, the evidence objected to *shall be taken subject to the objections*." (Emphasis added.) The proper procedure is to make the objection on the record and argue admissibility at a later time pursuant to § 804.07(2), Stats.[2]

---

[2] Section 804.07(2), Stats., provides: "[O]bjection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying."

Although Burnett did attempt to reach agreement with opposing counsel prior to Acosta's July 23, 1996, deposition, and while his position regarding the particular questions asked of his client may be justified under the reasoning in *Reed*, he nevertheless did not seek intervention from the court in the form of a protective order prior to deposition, or a telephonic ruling from the court at deposition. Therefore, plaintiffs were entitled to proceed to question Acosta about any non-privileged relevant matter as provided in § 804.01(2)(a), STATS.[3]

We see nothing in the record to support Burnett's claim that his opposition to plaintiffs' August 1996 motion to compel discovery or failure to comply with the court's 1994 order compelling discovery was substantially justified. The trial court reviewed the relevant facts and correctly applied § 804.12(1) and (2), STATS. We conclude the trial court could reasonably determine that Burnett's opposition to plaintiffs' motion was not substantially justified. Finding no erroneous exercise of discretion, we affirm the imposition of sanctions, consisting of costs and attorney fees in the amount of $2,335.55, incurred as a result of Burnett's instruction to Acosta not to answer questions at the July 23, 1996, deposition.[4]

---

[3] Acosta asserts certain questions asked, or likely to be asked, require answers that are privileged expert testimony or are protected by *Reed v. Fetherston*, 785 F. Supp. 1352 (E.D. Wis. 1992). Because we decide the case on other grounds, we do not address the validity or applicability of those arguments.

[4] We note that plaintiffs ask us to order certain defenses struck pursuant to § 804.12(2)(a), STATS. Because we hold the trial court's imposition of monetary sanctions proper, we do not

## DISCOVERY ORDER

We next address Acosta's appeal of the discovery order relating to the next deposition. Acosta contends the discovery order should be reversed or, at a minimum, clarified because it is vague. He argues the inconsistencies and contradictions in the court's oral decision, combined with the court's lack of subsequent clarification, leaves him without a clear basis for determining which questions to answer at his third deposition.

█

Motions to compel discovery are matters within the trial court's discretion. *Franzen v. Children's Hosp.*, 169 Wis. 2d 366, 376, 485 N.W.2d 603, 606 (Ct. App. 1992). The trial court's rulings will be upheld on appeal if they are "consistent with the facts of record and established legal principles." *Ranft v. Lyons*, 163 Wis. 2d 282, 290, 471 N.W.2d 254, 257 (Ct. App. 1991). On appeal of a discovery order, the burden is on the appellant to show that the trial court erroneously exercised its discretion. We will not reverse unless a misuse of discretion is clearly shown. *Swan Sales Corp. v. Jos. Schlitz Brewing Co.*, 126 Wis. 2d 16, 28, 374 N.W.2d 640, 647 (Ct. App. 1985).

The statutory directive regarding the scope of discovery and the procedure for taking depositions is set forth in §§ 804.01(2)(a) and 804.05(4)(b), STATS. The court's order encompassed in the August 28 transcript, while lengthy, does comport with the clearly-stated and well-accepted procedure for dealing with testimony at deposition. The transcript reflects discussion seeking guidance from the court regarding specific

address plaintiffs' contention that harsher sanctions should be imposed.

questions asked of the doctor, or likely to be put to him at the third deposition. The court summarized its order in that regard as follows:

> So that's the guidelines that I want to stress here is that plaintiffs' counsel should know that there are some questions when they ask for an expert opinion that have been set out in the Reed v. Fetherston case about anything that this doctor might have to research or might not have in his general experience and common knowledge and his experience and practice, he may not be able to answer that. *But all other questions should be answered and this Court will then make a ruling if I need to.* (Emphasis added.)

This order from the court in Acosta's case, made after reviewing the briefs and listening to the arguments of counsel, combined with the established statutory procedure for handling discovery matters, is sufficient direction for Acosta to follow at his upcoming deposition. We emphasize that the alternatives of protective orders and telephonic rulings are available to seek clarification on specific questions.

█ The trial court examined the facts of record, applied the correct principles of law, and engaged in a rational decision-making process. Because our review of the record supports the trial court's order, we conclude there was no erroneous exercise of discretion and therefore affirm.

*By the Court.*—Orders affirmed.